# VARACALLI & HAMRA, LLP

VARACALLI & HAMRA, LLP
32 Broadway, Ste. 1818,
New York, NY 10004

Tel: 646-590-0571
Fax: 646-619-4012
Web: www.vhllp.com

2.12.18

**VIA ECF**
Honorable Cheryl L. Pollak
United States Magistrate Judge
Eastern District of New York
225 Cadman Plaza East, Room 1230
Brooklyn, NY 11202

Re: Acosta v. Neurological Care P.C., et al., No. 17 Civ. 3931 (CBA)(CLP)

Your Honor,

This letter is in response to Plaintiff's pre-motion letter regarding Plaintiff's anticipated motion to compel discovery. Plaintiff requests that the Court compel Defendants to 1) produce documents relating to their overtime practices and employee's hours worked that they allege have not been turned over, 2) produce financial materials relating to the Defendant's personal assets, and 3) holding that Defendants have waived objections to Plaintiff's request. Defendants have cooperated, and continue to cooperate, with Plaintiff in resolving the outstanding discovery disputes and performing supplemental searches to assure that all relevant documents have been produced. It comes as somewhat of a surprise that Plaintiff feels that it requires the Courts intervention after the parties most recent communications. In any case, we do not oppose Plaintiffs desire to move the court but caution that a motion may not be worth the time and expense considering that very little, if any discovery is being withheld.

1) **Plaintiff has alleged that documents pertaining to Defendant's overtime practices and employee hours are being withheld. Defendants are not withholding anything.**

This seems to stem from Plaintiff's accusation that Defendants failed to produce emails pertaining to their employment practices and specific hand-written records from June 30, 2014 – through May of 2015. However, days before Plaintiff submitted its request for a pre-motion conference Defendants had already agreed to perform supplemental searches of the relevant email accounts and obtain a written statement from the service provider who performed the original email search to verify how the search was performed. Further, I have assured Plaintiff that this firm is not withholding any documents responsive to the request. Regarding the hand-written records, the records no longer exist. They were inadvertently destroyed years ago by Defendants. We are more than wiling to provide testimony regarding the circumstances surrounding their destruction and have produced all responsive documents from the relevant time period.

2) **Plaintiff has alleged that Defendants have refused to produce records related to Defendants' income and assets. Discovery related to Neurological Care PC's income is irrelevant by stipulation. Discovery related to the individual Defendants' net worth and income is a fishing expedition.**

In order to settle any dispute regarding Defendant's revenue (an element of Plaintiff's claim under the FLSA) Defendants have stipulated that the business' revenue is above $500,000 per year and that it is subject to the Fair Labor Standards Act.  The stipulation was offered with the interests of economy and efficiency in mind.  Defendants' believed that this obviated any need for the discovery pertaining to the business' income.  To my surprise, Plaintiff now wants to move to compel the disclosure of Neurological Care, P.C.'s tax and revenue records.  These records are no longer relevant due to the stipulation.

Plaintiff also seeks an affidavit regarding the individual Defendants' assets and income.  It seems that Plaintiff is re-casting the relevancy of this information by claiming that it is relevant to punitive damages.  This is simply a fishing expedition that is not at all proportional to Plaintiffs interest in prosecuting its case.

Punitive damages are very unlikely in this case.  In order to qualify for punitive damages, Plaintiff here must "present evidence that the employer ... retaliated ... against him with conscious knowledge it was violating the law, or that it engaged in egregious or outrageous conduct from which an inference of malice or reckless indifference could be drawn." *Tepperwien v. Entergy Nuclear Operations, Inc.*, 663 F.3d 556, 573 (2d Cir.2011) (emphasis added) (*Azkour v. Little Rest Twelve* 2015 WL 631377 (SDNY 2015) Action must be outrageous like pulling a gun on an employee asking for overtime *See Greathouse v. JHS Sec. Inc.*, No. 11-cv-7845, 2015 WL 7142850, at *5 (S.D.N.Y. Nov. 13, 2015), threatening to report plaintiff to immigration, or interfering with plaintiff's new employment Perez v. Jasper Trading, Inc., 2007 WL 4441062 (EDNY 2007)

The rule in New York is that "evidence of [a] defendant's wealth [can] not be brought out upon trial unless and until the jury [brings] in a special verdict that plaintiff is entitled to punitive damages against defendant." *Rupert v. Sellers,* 48 A.D.2d 265, 272, 368 N.Y.S.2d 904, 912 (4th Dept.1975). This rule balances a plaintiff's interest in proving the amount of the defendant's wealth against the defendant's right to privacy and general desire not to divulge its finances. *Id.* at 271, 368 N.Y.S.2d at 911. The Rule stated in *Rupert* represents settled law and has been followed by New York courts and federal courts which have applied New York law. *See Davis v. Ros*s, 107 F.R.D. 326 ( SDNY1985); See *also, Varriale v. Saratoga Harness Racing, Inc.,* 76 A.D.2d 991, 992, 429 N.Y.S.2d 302, 303–04 (3d Dept.1980); *Chilvers v. New York Magazine Co.,* 114 Misc.2d 996, 997–98, 453 N.Y.S.2d 153, 154 (N.Y.Co.1982); *Smith v. Lightning Bolt Productions, Inc.,* 861 F.2d 363, 373–74 (2d Cir.1988); *Brinks, Inc. v. City of New York,* 717 F.2d 700, 707 (2d Cir.1983); *see also In Re Beck Industries, Inc.,* 725 F.2d 880, 890–91 (2d Cir.1984).

Plaintiff argues that to allow discovery into Defendants personal assets only after it obtains victory over Defendants would prevent the Court from assessing punitive damages in a timely way.  This argument is hollow.   Plaintiff's requests allow for an affidavit, in lieu of documents, from the individual defendants regarding their assets and net worth.  Such an affidavit can easily be provided in the event that Plaintiffs obtain punitive damages against Defendants.  Plaintiff can obtain any information it needs for collection with an information subpoena after it obtains a judgement.  Allowing Plaintiff to inspect Defendants personal finances would impose a substantial burden on Defendants privacy for a miniscule benefit to the ease of assessing punitive damages.  The court should not compel Defendants to turn over such sensitive information unless Plaintiff's have obtained judgement.

3) **Lastly, Plaintiff has cast a blanket assertion that all of Defendant's objections have been waived for failing to be specific.  Such a holding would be disproportional and pre-mature.**

Plaintiff has seized on the language of Defendants objections, in one conclusory swoop, in an attempt to wipe away all objections to its overly-broad discovery requests.   Plaintiff pulled a deft move in

not mentioning specificity during our "meet and confer" communications. If Plaintiff had requested more specificity clarification would have been provided without hesitation and the scope and effect of the discovery requests would have been hashed out – likely to Plaintiff's full satisfaction. I can state that, with the exception of information regarding the personal assets and net worth of Defendants, this firm has already produced all documents in its possession. Defendants remain willing to provide additional information, clarification, or amended objections in response to Plaintiff's arguments. An order to compel in such circumstances would be pre-mature.

      Defendants respectfully request leave to provide amended objections and responses to Plaintiff's discovery requests.

      Truly Yours,

      _____
      Douglas Varacalli
      *Partner*
      Varacalli & Hamra, LLP