UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------X
R. ALEXANDER ACOSTA, Secretary of
Labor, United States Department of Labor,

                Plaintiff,

                          **MEMORANDUM AND ORDER**
       -against-                   17 CV 3931 (CBA) (CLP)

NEUROLOGICAL CARE P.C. *et al.*,

                Defendants.
---------------------------------------------------------X
**POLLAK**, United States Magistrate Judge:

      Plaintiff R. Alexander Acosta (the "plaintiff" or the "Secretary"), in his capacity as the Secretary of Labor of the United States Department of Labor, filed this suit on June 30, 2017 under the Fair Labor Standards Act of 1938 (the "FLSA" or the "Act"), 29 U.S.C. § 201 *et seq.* The Secretary seeks to restrain the defendants, Neurological Care P.C., Sofia Amoashiy, and Michael Amoashiy (collectively, the "defendants"), from committing further violations of the Act and to recover from them back wages and liquidated damages on behalf of defendants' employees.

      The Secretary filed a letter motion to compel on February 7, 2018, which identified certain deficiencies in the defendants' discovery responses. (See generally Pl.'s Mot., Feb. 7, 2018, ECF No. 25). Defendants filed their opposition on February 12, 2018. (See generally Defs.' Opp'n, Feb. 12, 2018, ECF No. 26). The Secretary filed his reply on February 14, 2018. (See generally Pl.'s Reply, Feb. 14, 2018, ECF No. 27).

      The Court held a status conference in this matter on February 28, 2018, at which the Court resolved several of the parties' disputes. This Order memorializes the Court's rulings from the conference and resolves the remaining discovery dispute.

1

## DISCUSSION

### A. The Court's Rulings at the Conference

At the status conference, the Court ordered the defendants to complete the search for electronically stored documents and produce responsive documents by March 16, 2018, or submit a letter explaining why defendants are unable to meet that deadline. If the search yields so many results that a single production by the deadline would be unwieldy, the defendants are Ordered to produce the documents on a rolling basis.

Also by March 16, 2018, the defendants shall provide a letter indicating the search terms they used to locate responsive documents, the e-mail addresses searched, and the identity of the third-party vendor providing discovery services. Furthermore, defendants' counsel is Ordered to contact the vendor to ensure that the documents which are identified in response to any search are provided to counsel in the first instance and at the same time such documents may be produced to the client. "The obligation to conduct a reasonable inquiry is fundamentally important, and although it runs first to counsel, it applies with equal force to the party itself." Martinez v. City of New York, No. 16 CV 79, 2018 WL 604019, at *26 (E.D.N.Y. Jan. 24, 2018); see also, e.g., Zubulake v. UBS Warburg LLC ("Zubulake V"), 229 F.R.D. 422, 433 n.80 (S.D.N.Y. 2004) (explaining that counsel "has a duty to advise and explain to the client its [discovery] obligations"). Counsel therefore must supervise the discovery process, and he remains responsible for deficient responses. See, e.g., Fed. R. Civ. P. 26(g)(1)(A).

## B. Discovery Regarding Punitive Damages

### 1. The Parties' Positions

The Secretary seeks to compel the defendants' to respond to discovery requests regarding their assets. (See Pl.'s Mot. at 2). The Secretary submits that such discovery is relevant and proper because this case involves a claim for punitive damages. (See id. at 2-3).

Courts regularly permit "discovery into a defendant's assets, so as to avoid the burden on the parties, court, and jury that would occur if discovery was not permitted until after a finding of liability." (Id. at 3 (citing Munoz v. Manhattan Club Timeshare Ass'n, Inc., No. 11 CV 7037, 2012 WL 479429, at *2 (S.D.N.Y. Feb. 8, 2012)). Furthermore, the Secretary only propounded formal discovery requests on this topic when the defendants refused to provide a financial affidavit, an option which was offered as "a means less intrusive than [a] document request." (Id. at 3). Finally, the Secretary contends that the defendants have waived all of their objections because they have failed to satisfy the specificity requirement of Rule 34(b)(2)(B), and have instead asserted only general boilerplate objections of the type universally found to be insufficient by federal courts. (Id. at 3-4). As a salient example, the Secretary points to defendants' objections to a request for production on the basis that the Secretary "fail[ed] to define the term 'Interrogatories.'" (Id. at 4; see id. Ex. 3).

Defendants oppose the motion by arguing that discovery into defendants' finances is irrelevant. First, defendants argue that the parties stipulated that the defendants' revenue exceeds $500,000 to establish the applicability of the FLSA. (See Defs.' Opp'n at 2). That stipulation, defendants argue, renders records relating to their finances irrelevant to the litigation. (Id.) Second, defendants argue that punitive damages are unlikely in this case and that discovery should only be allowed once liability is established at trial, but such discovery is not relevant at

3

this time. (Id.) In support of this contention, defendants rely solely on cases from New York state courts and federal cases raising only state law claims. (Id.) Requiring such discovery, defendants contend, would not be proportional to the needs of this case in light of the "substantial burden on [d]efendants' privacy for a miniscule benefit[.]" (Id.)

2. Analysis

The Secretary is correct that federal courts generally have concluded that "financial information is discoverable before a finding of liability giving rise to punitive damages," in part because "relevance for discovery is broader than admissibility" and also because bifurcating discovery unduly burdens the plaintiff, the jury, and the court by virtue of the delay it engenders. Munoz v. Manhattan Club Timeshare Ass'n, Inc., 2012 WL 479429, at *2. The cases upon which defendants rely are inapposite in that they involve state procedure, claims arising under state law, and admissibility rather than discoverability. See Davis v. Ross, 107 F.R.D. 326 (S.D.N.Y. 1985) (libel claim under New York law); Smith v. Lightning Bolt Prods., Inc., 861 F.2d 363 (2d Cir. 1988) (breach of contract claim under New York law); Brinks, Inc. v. City of New York, 717 F.2d 700 (2d Cir. 1983) (negligence and breach of contract claim under New York law); In re Beck Industries, Inc., 725 F.2d 880, 890-91 (2d Cir. 1984) (contrasting admissibility of financial information relevant to punitive damages at liability trial under New York and California law).

In this case, it would pose an undue burden to the plaintiff, the jurors, and the Court if discovery relevant to punitive damages were postponed until after a trial on liability were held. That does not mean, however, that such financial information will be admissible at the liability trial, and the presiding district judge very well may decide to bifurcate the trial to avoid the risk of prejudice or confusion.

Defendants' argument that the parties' stipulation that the defendants generate more than $500,000 annually in revenue is unavailing. Such a stipulation addresses the issue of the applicability of the FLSA to the defendants. It does not at all address the status of each defendant's finances, which is relevant to the punitive damages claim.

As this Court has explained previously:

> The defendants have objected to certain requests on the basis of undue burden, but they have failed to make any showing whatsoever that "the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). Courts "will scrutinize claims that the burden of producing requested information is disproportionate; and an unsupported burden objection is not a guaranteed protection against responding to discovery." 8 Charles A. Wright et al., Federal Practice and Procedure § 2008.1 (3d ed. 2017 update). The party resisting discovery bears the burden of demonstrating not only that the discovery sought is burdensome or expensive, but also must "show that the burden or expense is unreasonable in light of the benefits to be secured from the discovery." Manning v. General Motors, 247 F.R.D. 646, 654 (D. Kan. 2007). Defendants "cannot rely on some generalized objections, but must show specifically how each request is burdensome . . . by submitting affidavits or some detailed explanation as to the nature of the claimed burden." Id. (citations and quotations omitted); accord Chen-Oster v. Goldman, Sachs & Co., 285 F.R.D. 294, 303-08 (S.D.N.Y. 2012) (recognizing that a specific and detailed showing of burden or expense is the starting point for the proportionality analysis under Rule 26).

Martinez v. City of New York, No. 16 CV 79, 2017 WL 6403512, at *1 (E.D.N.Y. Dec. 14, 2017). Defendants' showing is woefully inadequate to support their proportionality objection to the Secretary's request for financial information. Given that the Secretary has agreed to allow each defendant to complete a financial affidavit in lieu of responding to formal discovery requests, the burden imposed on the defendants is minimal, and any such burden is far outweighed by the benefits to the plaintiff, the jury, the Court, and the litigation as a whole.

The defendants are therefore Ordered to furnish the Secretary with completed financial affidavits by <u>March 16, 2018</u>.

## CONCLUSION

The Secretary's motion to compel discovery is granted in part, as discussed herein. Defendants shall provide discovery or a letter explaining their inability to meet the deadline by March 16, 2018. Also by that date, defendants shall provide a letter indicating the search terms they used to locate responsive documents, the e-mail addresses searched, and the identity of the third-party vendor providing discovery services.

Furthermore, defendants' counsel is Ordered to contact the vendor to ensure that the documents which are identified in response to any search are provided to counsel in the first instance and at the same time such documents may be produced to the client. This Order is binding on the vendor, and defendants' counsel is directed to serve a copy of the Order on the vendor within five (5) days.

The parties shall contact the Court to schedule a settlement conference.

The Clerk is directed to send copies of this Order to the parties either electronically through the Electronic Case Filing (ECF) system or by mail.

**SO ORDERED.**

Dated: Brooklyn, New York
February 28, 2018

/s/ Cheryl Pollak
Cheryl L. Pollak
United States Magistrate Judge
Eastern District of New York